## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| WB MUSIC CORP., EMI APRIL MUSIC INC., ALUMNI INK PUBLISHING, ESKAYWHY PUBLISHING, NU80'S MUSIC, LLC d/b/a PARTY ROCK MUSIC, REDFOO, LLC d/b/a YEAH BABY MUSIC, HI MOM I DID IT MUSIC, and CHEBRA MUSIC, | Civil Action No: |
| Plaintiffs, | |
| v. | |
| BB ALLYN STREET, L.L.C., ERIC V. SHERMAN, and JOHN L. SULLIVAN, | |
| Defendants. | |

## COMPLAINT

Plaintiffs, by their undersigned attorney, allege:

1.    This is a suit for copyright infringement under Title 17 of the United States Code.

2.    This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a), and venue in this District is proper pursuant to 28 U.S.C.§ 1400(a).

3.    Plaintiffs allege three (3) causes of action for copyright infringement based on the Defendants' public performances of Plaintiffs' copyrighted musical compositions.  Schedule A, annexed hereto, sets forth in summary form the allegations hereinafter made with respect to the Plaintiffs, their copyrighted musical compositions, and Defendants' acts of infringement.

## THE PARTIES

4.    The Plaintiffs named in Column 2 of Schedule A* are the owners of the copyrights in the original musical compositions listed in Column 3, and are properly joined in this

---

\* All references to "Columns" herein refer to the numbered columns set forth in Schedule A.

complaint under Rule 20 of the Federal Rules of Civil Procedure.

      5.    Defendant BB Allyn Street, L.L.C. ("BB Allyn") is a limited liability company organized under the laws of the state of Connecticut with offices at 187 Allyn Street, Hartford, Connecticut 06103.

      6.    At all times hereinafter mentioned, BB Allyn did, and still does, own, control, manage, operate, and maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as Black Bear Saloon ("Black Bear"), located at 187 Allyn Street, Hartford, Connecticut 06103.

      7.    Musical compositions were and are publicly performed at Black Bear.

      8.    Defendant Eric V. Sherman ("Sherman") is an individual who resides and/or does business in this district.

      9.    Defendant John L. Sullivan ("Sullivan" together with BB Allyn and Sherman, the "Defendants") is an individual who resides and/or does business in this district.

      10.    At all times hereinafter mentioned, Sherman and Sullivan were, and still are Managing Members and/or owners of BB Allyn.

      11.    At all times hereinafter mentioned, Sherman and Sullivan were, and still are, responsible for the control, management, operation and maintenance of the affairs of BB Allyn.

      12.    At all times hereinafter mentioned, Defendants jointly had, and still have, the right and ability to supervise and control the activities that take place at Black Bear, including the right and ability to supervise and control the public performance of musical compositions at Black Bear.

      13.    Each Defendant derives a direct financial benefit from the public performance of musical compositions at Black Bear.

## FACTS SPECIFIC TO DEFENDANTS' INFRINGEMENT OF
## PLAINTIFFS' COPYRIGHTED MUSICAL COMPOSITIONS

14.     Plaintiffs are all members of the American Society of Composers, Authors, and Publishers ("ASCAP"), a membership association that represents, licenses, and protects the public performance rights of its more than 560,000 songwriter, composer, and music publisher members.

15.     Each ASCAP member grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions.  On behalf of its members, ASCAP licenses public performances of its members' musical works, collects license fees associated with those performances, and distributes royalties to its members, less ASCAP's operating expenses.

16.     Since July 2014, ASCAP representatives have made more than twenty (20) attempts to contact the Defendants, or their representatives, agents, or employees, to offer an ASCAP license for Black Bear.  ASCAP has contacted Defendants by phone, by mail, by e-mail, and in person.

17.     Defendants have refused all of ASCAP's license offers for Black Bear.

18.     ASCAP's various communications put Defendants on notice that unlicensed performances of ASCAP's members' musical compositions at Black Bear constitute copyright infringement of ASCAP's members' copyrights in their musical works.

19.     Notwithstanding the foregoing, Defendants have continued to present public performances of the copyrighted musical compositions of ASCAP members at Black Bear, including the copyrighted works involved in this action, without permission, during the hours that the establishment is open to the public for business and presenting musical entertainment.

20.     The original musical compositions listed in Column 3 were created and written by the persons named in Column 4.

21.     The original musical compositions listed in Column 3 were published on the dates stated in Column 5, and since the date of publication have been printed and published in

conformity with Title 17 of the United States Code.

22. The Plaintiffs named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

23. Defendants on the dates specified in Column 7, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 by giving public performances of the compositions at Black Bear, for the entertainment and amusement of the patrons attending said premises, and Defendants threaten to continue such infringing performances.

24. The public performances at Black Bear of the Plaintiffs' copyrighted musical compositions on the dates specified in Column 7 were unauthorized: neither Defendants, nor any of the Defendants' agents, servants or employees, nor any performer was licensed by, or otherwise received permission from any Plaintiff, or any agent, servant, or employee of any Plaintiff, to give such performances.

25. In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights.

26. The many unauthorized performances at Black Bear include the performances of the three (3) copyrighted musical compositions upon which this action is based.

27. At the times of the acts of infringement complained of, the Plaintiff named in each cause of action was an owner of the copyright in the composition therein named.

28. The said wrongful acts of the Defendants have caused and are causing great injury to Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains the Defendants from the further commission of said acts, Plaintiffs will suffer irreparable injury, for all

4

of which Plaintiffs are without any adequate remedy at law.

WHEREFORE, Plaintiffs pray:

I.  That Defendants and all persons acting under the direction, control, permission or authority of Defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions -- or any of them -- and from causing or permitting the  compositions to be publicly performed at Black Bear, or at any place owned, controlled, managed, or operated by Defendants, and from aiding or abetting the public performance of such compositions in any such place or otherwise.

II.  That Defendants be ordered to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than Thirty Thousand Dollars ($30,000) nor less than Seven Hundred And Fifty Dollars ($750) in each cause of action herein.

III.  That Defendants be decreed to pay the costs of this action and that a reasonable attorney's fee be allowed as part of the costs.

IV.  For such other and further relief as may be just and equitable.

Dated: April 12, 2016

OSTERBERG LLC

By: _____
Eric C. Osterberg (ct22679)
50 Milk Street, 16th Floor
Boston, MA 02109
phone: 617-594-6542
email: eosterberg@osterbergllc.com